UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**Jon W. Green, Esq.**
**Laura M. LoGiudice, Esq.**
**GREEN SAVITS, LLC**
25B Vreeland Road, Suite 207
Florham Park, N.J. 07932
(973) 695-7777
Attorneys for Plaintiff, Luis F. Longhi

---

| | |
|---|---|
| LUIS LONGHI, | : |
|           Plaintiff, | : |
| | :   Civil Action No.: |
| v. | : |
| | : |
| LOMBARD RISK SYSTEMS, INC., | : |
| A VERMEG LTD COMPANY | :   **COMPLAINT AND JURY DEMAND** |
| | : |
|           Defendant. | : |

---

Luis Longhi residing at 712 Hickory Lane, Palmer, PA 18045 complains of the defendant and says:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 and the claims asserted in this complaint well exceed $75,000.

2. Venue is proper within this district because defendant, Lombard Risk Systems, Inc.'s ("Lombard") corporate headquarters is located within the Southern District of New York.

3. The causes of actions alleged are breaches of contract between Plaintiff Longhi and Lombard and age discrimination in termination of his employment on June 3, 2018 in violation of the New York City Human Rights Law.

1

## PARTIES

4. Defendant Lombard Risk Systems, Inc. ("Lombard"), is a corporation owned by the Vermeg Company and is in the business of providing regulatory reporting and collateral management solutions to the financial services industry.

5. Plaintiff Luis Longhi ("Longhi" or "Plaintiff") commenced employment with Lombard on December 4, 2017 pursuant to an employment agreement titled "Statements of Particulars of Employment" executed on November 28, 2017.

6. He was hired by Lombard's then CEO Alastair Brown and employed as Executive Vice-President Sales-Americas.

7. Longhi was notified on Sunday, June 3, 2018 by Mousser Jerbi, Deputy CEO of Lombard, that his employment was being terminated.

8. Longhi's date of birth is October 27, 1966 and he was fifty-one years old when he was notified that he was being terminated.

## FACTS RELEVANT TO ALL COUNTS

9. Plaintiff repeats and re-alleges the facts set forth in ¶¶'s 4 through 8 as though set forth herein.

10. Longhi's employment agreement with Lombard stated that his base salary compensation would be $300,000 per annum.

11. Longhi's employment agreement also stated that he would be entitled to an additional $300,000 in annual bonuses based on targets set by Lombard.

12. Lombard's fiscal year starts April 1 of the year and ends on March 31 in the following year. Lombard's fiscal fourth quarter commences on January 1 and ends on March 31.

2

13. During the fourth (4th) quarter of fiscal year 2018, Longhi presented Lombard's CEO, Alastair Brown, with a sales target of £1.561 for that quarter. Lombard's CEO, who was authorized under Lombard's corporate by-laws to set sales targets, agreed to that target and that Longhi exceeded that target of £1.561 by March 31, 2018. Thus, Longhi performed under ¶3.2 of his employment agreement.

14. Pursuant to ¶3.2 of Longhi's employment contract, if a target set by Lombard was met by Longhi, Longhi was entitled to one quarter of his $300,000 bonus or $75,000.

15. Longhi was only paid just under $16,000 and is owed approximately $59,000.

16. Longhi continued on pace with his 4th quarter sales into the 1st quarter of FY' 2019 when he was fired.

17. Accordingly, he should have been paid a pro-rata share of $75,000 or $50,000. He was only paid $10,000 in accordance with a commission schedule that was not applicable to his employment agreement.

18. Longhi was never informed that Lombard had changed ¶3.2 of his employment agreement that would pay him based on a commission schedule.

19. 19, When Longhi was notified that he was being fired on Sunday, June 3, 2018, he had worked 26 weeks or 6 months at Lombard.

20. Pursuant to ¶11.2 of his employment agreement, if Longhi worked six months at Lombard when his employment was terminated, he would be entitled to three-month's notice or three months base pay in lieu of notice.

21. Instead, Lombard told him it was paying one month's base pay in lieu of notice, falsely claiming that he did not work the required six months to warrant three months' notice or three months' pay in lieu of notice.

22. Longhi was only paid one month's pay in lieu of notice, i.e., $25,000 instead of $75,000. Thus, Longhi is owed $50,000 under ¶11.2 of his employment agreement.

23. Longhi's job performance met the reasonable expectations of Lombard including but not limited to meeting sales targets and recruiting highly qualified employees to Lombard.

24. Upon information and belief, Lombard will be replacing Longhi with someone significantly younger than him.

### FIRST COUNT
### (Breach of Contract)

25. Plaintiff repeats and re-alleges the allegations set forth in ¶¶ 4 through 23 as though set forth herein.

26. Lombard breached ¶¶'s 3.2 and 11.2 of the Statement of Particulars of Employment and owes Longhi approximately $149,000.

**WHEREFORE,** plaintiff Luis Longhi demands judgment against defendant Lombard Risk Systems, Inc. for the following relief:

a) Compensatory damages;

b) Reasonable costs;

c) Pre-judgment and post-judgment interest; and

d) Equitable relief that this Court may deem appropriate and just under the circumstances.

### SECOND COUNT
### (Unjust enrichment)

27. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 4 through 23 as though set forth at length herein.

28. Defendant was enriched at Plaintiff's expense even though he performed in good

faith expecting that he would be compensated as contemplated in his employment agreement.

29. Defendant's conduct violates standards of contractual fairness and the covenant of good faith and fair dealing.

30. Plaintiff has been damaged.

**WHEREFORE,** plaintiff Luis Longhi demands judgment against defendant Lombard Risk Systems, Inc. for the following relief:

    a) Compensatory damages;

    b) Reasonable costs;

    c) Pre-judgment and post-judgment interest; and

    d) Equitable relief that this Court may deem appropriate and just under the circumstances.

### THIRD COUNT
### (Quantum Meruit)

31. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 4 through 23 as though set forth at length herein.

32. Plaintiff performed his services in good faith.

33. Defendant accepted his performance.

34. There was a reasonable expectation of compensation by both Plaintiff and Defendant.

35. The amount paid to Plaintiff was not a reasonable value of services rendered.

**WHEREFORE,** plaintiff Luis Longhi demands judgment against defendant Lombard Risk Systems, Inc. for the following relief:

    a) Compensatory damages;

b) Reasonable costs;

c) Pre-judgment and post-judgment interest; and

d) Equitable relief that this Court may deem appropriate and just under the circumstances.

## FOURTH COUNT
### (Age Discrimination)

e) Plaintiff repeats and re-alleges the allegations set forth in ¶¶ 5 through 24 as though set forth herein.

f) Longhi's age was a determinative factor when the decision was made to terminate his employment.

g) Lombard is an employer within the meaning of the New York City Human Rights Law.

h) Lombard violated the New York City Human Rights Law ("NYCHRL"), i.e., City of New York Administrative Code §8-107 (a) when it fired Longhi because of his age.

i) Longhi suffered damages in the form of lost wages, benefits and emotional distress.

j) Lombard's conduct was motivated by malice and/or reckless disregard for Longhi's rights under the NYCHRL.

k) Longhi will serve a copy of this complaint with New York City Corporation Counsel as required by the NYCHRL.

WHEREFORE, Plaintiff Luis Longhi hereby demands judgment be entered against Lombard Risk Systems, Inc. for the following relief:

a) Compensatory damages;

6

b) Punitive damages;

c) Reasonable costs of suit;

d) Reasonable attorney's fees;

e) Post and pre-judgment interest;and

f) For such other and further relief that this Court deems equitable and just.

                              **GREEN SAVITS, LLC**
                              Attorneys for Plaintiff, Luis Longhi

Dated: September 5, 2018      By: _____
                                  Jon W. Green
                                  GREEN SAVITS, LLC
                                  (jgreen@greensavits.com)

## DEMAND FOR TRIAL BY JURY

The plaintiff hereby demands a trial by a jury as to all issues so triable.

                              **GREEN SAVITS, LLC**
                              Attorneys for Plaintiff, Luis Longhi

                              By: _____
                                  Jon W. Green
                                  GREEN SAVITS, LLC
                                  (jgreen@greensavits.com)

Dated: September 5, 2018