UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS LONGHI, | : |
| Plaintiff, | : |
| v. | : CASE NO. 1:18-cv-08077 |
| | : ECF CASE |
| LOMBARD RISK SYSTEMS, INC., | : |
| A VERMEG LTD COMPANY | : Hon. Vernon S. Broderick |
| Defendant. | : |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

William Kennedy [admitted *Pro Hac Vice*]
Montgomery, McCracken,
Walker & Rhoads, LLP
437 Madison Avenue, 29th Floor
New York, New York 10022
Telephone: (212) 867-9500
E-mail: wkennedy@mmwr.com

*Attorneys for Defendant Lombard Risk Systems, Inc., A Vermeg Ltd. Company*

# TABLE OF CONTENTS

                                                                                                               **Page**

I.     PRELIMINARY STATEMENT ................................................................................ 1

II.    FACTUAL BACKGROUND ..................................................................................... 1

III.   PLAINTIFF'S CLAIMS ............................................................................................ 2

        A.     Plaintiff's Breach of Contract Claim ............................................................ 2

        B.     Plaintiff's Quasi-Contract Claims ................................................................ 3

IV.   LEGAL ARGUMENT ................................................................................................ 3

        A.     The claim for breach of contract should be dismissed, because the language of the employment agreement contradicts Plaintiff's allegations. .......... 3

        B.     The claims for unjust enrichment and quantum meruit should be dismissed, because an express contract governs this dispute. ................................ 4

V.    CONCLUSION ........................................................................................................... 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*805 Third Ave. Co. v. M.W. Realty Assoc.,*
    58 N.Y.2d 447, 461 N.Y.S.2d 778 (1983) ...............................................................................3

*DiFolco v. MSNBC Cable, L.L.C.,*
    622 F.3d 104 (2d Cir. 2010) ....................................................................................................2

*Johns v. Town of East Hampton,*
    942 F.Supp. 99 (E.D.N.Y. 1996) ............................................................................................3

*Klaxon Co. v. Stentor Elec. Mfg. Co.,*
    313 U.S. 487 (1941) ................................................................................................................3

*Marc Contracting, Inc. v. 39 Winfield Associates, LLC,*
    63 A.D.3d 693, 880 N.Y.S.2d 346 (2d Dep't 2009) ...............................................................4

*Matusovsky v. Merrill Lynch,*
    186 F.Supp.2d 397 (S.D.N.Y. 2002) .......................................................................................3

*McPhee v. Gen Elec. Intern., Inc.,*
    736 F.Supp.2d 676 (S.D.N.Y. 2010) .......................................................................................4

*Rapoport v. Asia Electronics Holding Co., Inc.,*
    88 F.Supp.2d 179 (S.D.N.Y. 2000) .........................................................................................2

*Yenrab, Inc. v. 794 Linden Realty, LLC,*
    68 A.D.3d 755, 892 N.Y.S.2d 105 (2d Dep't 2009) ...............................................................4

*Zuccarini v. Ziff-Davis Media, Inc.,*
    306 A.D.2d 404, 762 N.Y.S.2d 621 (2d Dep't 2003) .............................................................5

**Statutes**

New York City Human Rights Law .................................................................................................1

**Other Authorities**

Rule 12(b)(6) .....................................................................................................................................2

## I. PRELIMINARY STATEMENT

Plaintiff, a former employee of Defendant, filed this action against Defendant after his employment was terminated. Plaintiff attempts to assert several common law contract and quasi-contract claims.[1] Each fails as a matter of law. The first – breach of contract – fails because the employment agreement between the parties – which was not attached to the Complaint – by its own terms, contradicts the allegations. The second and third – quasi-contract claims of unjust enrichment and quantum meruit – fail because, under New York law, quasi-contract claims cannot be asserted when an express contract exists between the parties. Thus, this Court should dismiss Plaintiff's causes of action for breach of contract, unjust enrichment, and quantum meruit.

## II. FACTUAL BACKGROUND

Defendant Lombard Risk Systems, Inc. provides regulatory reporting and collateral management solutions to the financial services industry. Plaintiff Luis Longhi began his employment with Defendant as Executive Vice President of Sales-Americas on December 4, 2017, pursuant to a "Statements of Particulars of Employment" (the "Agreement"). Plaintiff's employment was terminated on June 3, 2018. Compl. ¶¶ 4–8.

The Agreement established Plaintiff's base salary and "annual on-target bonus." Compl. ¶¶ 10–11. Specifically, ¶ 3.2 of the Agreement states:

> Your annual on target bonus will be set at US $300,000 providing On-Target Earning (OTE) of US $600,000 per annum. Please note the basis on which your bonus is calculated may vary at the discretion of the Company and in accordance with the goals and objectives issued to you by the Company from time to time.

---

[1] Plaintiff also asserts an age discrimination claim, pursuant to the New York City Human Rights Law.

Kennedy Decl., Exhibit 1.[2]

Paragraph ¶ 11.2 of the Agreement provided that Plaintiff would receive one month's notice of employment termination, if his employment were terminated during the first six months of employment:

> The length of notice to be given by either party is three (3) months. However, during the first six (6) months of employment, the length of notice to be given by either party is one (1) month.

Kennedy Decl., Ex. 1, at ¶ 11.2.[3] Plaintiff admits that his employment commenced on December 4, 2017. Compl. ¶ 4. Plaintiff admits that "he was notified on June 3, 2018 . . . that his employment was being terminated." Compl. at 8. Therefore, Plaintiff's employment was terminated "during the first six (6) months of employment."

### III.  PLAINTIFF'S CLAIMS

#### A.  Plaintiff's Breach of Contract Claim.

Instead of the "annual on target bonus" provided for in the Agreement, Plaintiff alleges that Paragraph 3.2 of the Agreement provided for quarterly bonuses. Compl. ¶ 14. Further, Plaintiff alleges that he was "entitled" to a *pro rata* share – one fourth of the annual bonus amount – if he were on pace to meet the annual On-Target Earnings. Compl. ¶ 17.

---

[2] The Declaration of William Kennedy, executed on November 16, 2018, is filed and submitted herewith. The Declaration ("Kennedy Decl.") includes, as Exhibit 1, a copy of the "Statement of Particulars of Employment," upon which Plaintiff relies, and which this court may consider in addressing Defendant's motion to dismiss. "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider ... documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable, L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); *see, e.g., Rapoport v. Asia Electronics Holding Co., Inc.*, 88 F.Supp.2d 179, 183–84 (S.D.N.Y. 2000) (court was "puzzle[d] and concern[ed]" by Plaintiff's failure to attach documents on which the claims were exclusively based). Although the employment agreement is not attached to the Complaint, the agreement is expressly referenced throughout, and therefore the Court may consider it in ruling on this motion.

[3] Paragraph 11.6 provided that "The Company reserves the right in its sole discretion to pay you in lieu of notice."

Additionally, Plaintiff alleges that ¶ 11.2 of the Agreement required Defendant to provide three months' notice or pay in lieu of three months' notice (Compl. ¶ 20), despite his employment termination occurring during the first six months of his employment.

### B. Plaintiff's Quasi-Contract Claims.

Plaintiff also brings two quasi-contract claims: unjust enrichment and quantum meruit. The basis of for the unjust enrichment claim is that Defendant did not compensate him "as contemplated in his employment agreement." Compl. ¶ 28. As for the quantum meruit claim, Plaintiff similarly alleges that "[t]he amount paid to Plaintiff was not a reasonable value of services rendered." Compl. ¶ 34.

## IV. LEGAL ARGUMENT

### A. The claim for breach of contract should be dismissed, because the language of the employment agreement contradicts Plaintiff's allegations.

Though a court typically must accept as true the allegations contained in a complaint, when a complaint references a document, and "a plaintiff's allegations are contradicted by such a document, those allegations are insufficient to defeat a motion to dismiss." *Matusovsky v. Merrill Lynch*, 186 F.Supp.2d 397, 400 (S.D.N.Y. 2002); *see also Johns v. Town of East Hampton*, 942 F.Supp. 99, 104 (E.D.N.Y. 1996) ("It is well established that when a plaintiff fails to introduce a pertinent document as part of his pleading, a defendant may introduce that exhibit as part of his motion attacking the pleading" (internal quotations omitted)). Under New York law, the interpretation of a contract is a question of law for the court and may be decided on a motion to dismiss.[4] *See 805 Third Ave. Co. v. M.W. Realty Assoc.*, 58 N.Y.2d 447, 451, 461 N.Y.S.2d 778, 780 (1983).

---

[4] When a federal court's jurisdiction is based on diversity, the court applies the choice-of-law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).

The plain language of the employment agreement contradicts Plaintiff's breach-of-contract allegations. Contrary to Plaintiff's claim that "[p]ursuant to ¶ 3.2" of the agreement, he was "entitled" to quarterly bonuses, ¶ 3.2 provides for an "*annual* on target bonus." Kennedy Decl., Ex. 1 (emphasis added).

Contrary to ¶ 11.2's provision that "during the first six (6) months of employment, the length of notice to be given by either party is only one (1) month," Plaintiff asserts that he was entitled to either three months' notice of termination or three months' pay.

Because Plaintiff's contract claim relies on misstatements of contractual provisions and allegations that contradict the contract's language, this court should dismiss the breach of contract claim.

### B. The claims for unjust enrichment and *quantum meruit* should be dismissed, because an express contract governs this dispute.

"[T]he existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi-contract on theories of quantum meruit and unjust enrichment for events arising out of the same subject matter." *Yenrab, Inc. v. 794 Linden Realty, LLC*, 68 A.D.3d 755, 758, 892 N.Y.S.2d 105, 110 (2d Dep't 2009) (quoting *Marc Contracting, Inc. v. 39 Winfield Associates, LLC*, 63 A.D.3d 693, 695, 880 N.Y.S.2d 346, 348 (2d Dep't 2009)). Only "[w]here ... there is a bona fide dispute as to the existence of a contract, or where the contract does not cover the dispute in issue, [may] a plaintiff ... proceed upon a theory of quasi contract

---

Under New York law, courts will apply the contractual choice-of-law clause as long as the state has sufficient contacts with the transaction. *McPhee v. Gen Elec. Intern., Inc.*, 736 F.Supp.2d 676, 680 (S.D.N.Y. 2010). The Statement of Particulars of Employment contains a New York choice-of-law provision. *See* Ex. A. ¶ 21.1. As Defendant's corporate headquarters is in New York (Compl. ¶ 2) New York has a definitive relationship to this dispute.

as well as contract." *Zuccarini v. Ziff-Davis Media, Inc.*, 306 A.D.2d 404, 405, 762 N.Y.S.2d 621, 622 (2d Dep't 2003).

Plaintiff's claims for unjust enrichment and *quantum meruit* relate exclusively to his salary, bonus, and payment in lieu of notice of termination. Therefore, those claims are based on the employment agreement. Indeed, the Complaint references the agreement repeatedly, including within Count Two regarding unjust enrichment. *See* Compl. ¶¶ 28–29. Plaintiff alleges as part of the unjust enrichment count that he expected to be "compensated as contemplated in his employment agreement." Compl. ¶ 28. Because the claims for unjust enrichment and *quantum meruit* are based on the same facts and allegations that form the basis for Plaintiff's breach of contract claim, this Court should dismiss Counts Two and Three of the Complaint.

## V.   CONCLUSION

For the foregoing reasons, the claims for breach of contract, unjust enrichment, and quantum meruit should be dismissed because they fail to state a claim upon which relief may be granted.

Respectfully submitted,

Dated:  November 16, 2018

/s/ *William K. Kennedy*
William K. Kennedy
Montgomery, McCracken,
Walker & Rhoads, LLP
437 Madison Avenue, Fl 29
New York, NY 10022

*Attorneys for Defendant Lombard Risk Systems, Inc., A Vermeg Ltd. Company*