UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS LONGHI,                                           :
                                                       :
           Plaintiff,                                  :
                                                       :   CASE NO. 1:18-cv-08077
v.                                                     :
                                                       :   ECF CASE
LOMBARD RISK SYSTEMS, INC.,                            :
A VERMEG LTD COMPANY                                   :   Hon. Vernon S. Broderick
                                                       :
           Defendant.                                  :
                                                       :

# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO DISMISS FIRST AMENDED COMPLAINT

William Kennedy [admitted *Pro Hac Vice*]
Montgomery, McCracken,
  Walker & Rhoads, LLP
437 Madison Avenue, 29th Floor
New York, New York 10022
Telephone: (212) 867-9500
E-mail: wkennedy@mmwr.com

*Attorneys for Defendant Lombard Risk
Systems, Inc., A Vermeg Ltd. Company*

# **TABLE OF CONTENTS**

Page

| | | |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | PROCEDURAL BACKGROUND | 1 |
| III. | FACTUAL BACKGROUND | 1 |
| | A. The Contractual Salary and Bonus | 2 |
| | B. The Contractual Notice Period | 3 |
| IV. | PLAINTIFF'S CLAIMS | 3 |
| | A. Plaintiff's Breach of Contract Claim | 3 |
| | B. Plaintiff's Quasi-Contract Claims | 3 |
| V. | LEGAL ARGUMENT | 4 |
| | A. The claim for breach of contract should be dismissed | 4 |
| |     i. Plaintiff cannot assert a contractual claim to a discretionary bonus | 5 |
| |     ii. The discretionary bonus was annual, not quarterly | 6 |
| |     iii. The emails on which Plaintiff relies do not modify the unambiguous contract language | 6 |
| |     iv. Plaintiff was not entitled to three months' pay after termination | 7 |
| | B. The claims for unjust enrichment and quantum meruit should be dismissed | 8 |
| VI. | LEAVE TO FILE A FURTHER AMENDED COMPLAINT SHOULD BE DENIED | 10 |
| VII. | CONCLUSION | 11 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Mortgage Corp. v. Barenblatt,*
  162 F.Supp.3d 270, 291 (S.D.N.Y. 2016) ................................................................................5

*Cohen v. Avanade, Inc.,*
  874 F.Supp.2d 315 (S.D.N.Y. 2012).........................................................................................5

*DiFolco v. MSNBC Cable, L.L.C.,*
  622 F.3d 104 (2d Cir. 2010).....................................................................................................2

*First Lincoln Holdings, Inc. v. Equitable Life Assurance Society,*
  164 F.Supp.2d 383 (S.D.N.Y. 2001).....................................................................................4, 7

*Graham v. Select Portfolio Servicing, Inc.,*
  156 F.Supp.3d 491, 516 (S.D.N.Y. 2016) ..............................................................................10

*Hall v. United Parcel Service of America, Inc.,*
  76 N.Y.2d 27, 556 N.Y.S.2d 21 (1990) ...................................................................................9

*Hughes v. Standard Chartered Bank, PLC,*
  No. 09 Civ. 4595(PKC), 2010 WL 1644949 (S.D.N.Y. April 4, 2010) ...................................9

*Johns v. Town of East Hampton,*
  942 F.Supp. 99 (E.D.N.Y. 1996) .............................................................................................4

*Karmilowicz v. Hartford Financial Services Group,*
  No. 11 Civ. 539(CM)(DCF), 2011 WL 2936013 (S.D.N.Y. July 14, 2011) ...........................9

*Klaxon Co. v. Stentor Elec. Mfg. Co.,*
  313 U.S. 487 (1941).................................................................................................................4

*Levion v. Societe Generale,*
  822 F.Supp.2d 390 (S.D.N.Y. 2011).........................................................................................9

*Luv N' Care, Ltd v Goldberg Cohen, LLP,*
  703 Fed. Appx. 26 (2d Cir. 2017)...........................................................................................10

*Marc Contracting, Inc. v. 39 Winfield Associates, LLC,*
  63 A.D.3d 693, 880 N.Y.S.2d 346 (2d Dep't 2009) ................................................................8

*Marshall v. Hyundai Motor America,*
  51 F.Supp.3d 451, 473 (S.D.N.Y. 2014) ................................................................................10

# TABLE OF AUTHORITIES

Page(s)

*Matusovsky v. Merrill Lynch,*
  186 F.Supp.2d 397 (S.D.N.Y. 2002) .............................................................................. 4

*MBIA Ins. Corp. v. Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A.,*
  No. 09 Civ. 10093(RJS), 2011 WL 1197634 (S.D.N.Y. Mar. 25, 2011) ...................... 7

*McPhee v. Gen Elec. Intern., Inc.,*
  736 F.Supp.2d 676 (S.D.N.Y. 2010) .............................................................................. 4

*Namad v. Salomon, Inc.,*
  74 N.Y.2d 751, 545 N.Y.S.2d 79 (1989) ....................................................................... 6

*Panetta v. Sap America, Inc.,*
  No. 05-4511, 2006 WL 2711747 (E.D.Pa. Sept. 20, 2006) .......................................... 10

*Rapoport v. Asia Electronics Holding Co., Inc.,*
  88 F.Supp.2d 179 (S.D.N.Y. 2000) ................................................................................ 2

*S & R Dev. Estates, LLC v Town of Greenburgh, New York,*
  No. 16-CV-8043 (CS), 2018 WL 4119188 (S.D.N.Y. Aug. 29, 2018) ........................ 10

*Seiden Assocs., Inc. v. ANC Holdings, Inc.,*
  959 F.2d 425 (2d Cir. 1992) ........................................................................................... 7

*Tears v Boston Sci. Corp.,*
  2018 WL 4760659 (S.D.N.Y. 2018) ............................................................................ 10

*Vetromile v. JPI Partners, LLC,*
  706 F.Supp.2d 442 (S.D.N.Y. 2010) .......................................................................... 5, 9

*Victory Container Corp. v. Sphere Ins. Co.,*
  448 F.Supp. 1043 (S.D.N.Y. 1978) ................................................................................ 7

*Yenrab, Inc. v. 794 Linden Realty, LLC,*
  68 A.D.3d 755, 892 N.Y.S.2d 105 (2d Dep't 2009) ....................................................... 8

*Zuccarini v. Ziff-Davis Media, Inc.,*
  306 A.D.2d 404, 762 N.Y.S.2d 621 (2d Dep't 2003) ..................................................... 9

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) .............................................................................. 1, 2

## I. PRELIMINARY STATEMENT

Plaintiff's second attempt to assert contract and quasi-contract claims against Defendant should be rejected. For the reasons set forth below, Counts 1, 2, and 3 of the Amended Complaint should be dismissed. First, the breach of contract claim fails because the employment agreement at issue contradicts the allegations. The quasi-contract claims of unjust enrichment and *quantum meruit* fail because under New York law, these claims are inapplicable when an express contract exists between the parties.[1] Thus, this Court should dismiss the claims for breach of contract, unjust enrichment, and *quantum meruit*.

## II. PROCEDURAL BACKGROUND

Plaintiff, a former employee of Defendant, brought suit against Defendant after his employment was terminated. Plaintiff filed his Complaint on September 5, 2018. (Doc. # 1). On November 16, 2018, Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. # 7.). On November 19, 2018, the Court issued an order permitting Plaintiff to file any amended complaint by December 7, 2018 (Doc. #8). In its order, the Court declared that: "It is unlikely that Plaintiff will have a further opportunity to amend."

On December 3, 2018, Plaintiff filed his First Amended Complaint. (Doc # 9). The causes of action in the Amended Complaint are identical to those in the original complaint, and the allegations are substantially similar. See Ex 3 to Kennedy Declaration, redlined comparison copy of complaints.

## III. FACTUAL BACKGROUND

Defendant Lombard Risk Systems, Inc., a Vermeg Ltd. Company, provides regulatory reporting and collateral management solutions to the financial services industry. Plaintiff Luis

---

[1] Plaintiff also asserts an age discrimination claim, pursuant to the New York City Human Rights Law.

Longhi began his employment with Defendant as Executive Vice President of Sales-Americas on December 4, 2017, pursuant to a "Statements of Particulars of Employment" (the "Agreement"). Plaintiff's employment was terminated on June 3, 2018. Compl. ¶¶ 4–9.

### A.  The Contractual Salary and Bonus

The Agreement established Plaintiff's base salary and "annual on target bonus." Compl. ¶¶ 11–12. Specifically, ¶ 3.2 of the Agreement states:

> Your annual on target bonus will be set at US $300,000 providing On-Target Earning (OTE) of US $600,000 per annum. Please note the basis on which your bonus is calculated may vary at the discretion of the Company and in accordance with the goals and objectives issued to you by the Company from time to time.

Kennedy Decl., Exhibit 1, at ¶ 3.2.[2]

Plaintiff alleges that on March 9, 2018, Lombard's CEO, Alastair Brown, emailed him stating that "You are going to deliver more than your scrubbed forecast … and I am going to find 25% of your expected annual OTE ($75k). I am probably going to dress part of that up as a retention incentive for Vermeg's sake." Further, on April 10, 2018, Nigel Rohan, a Lombard executive, emailed him stating that the bonus "was under discussion with Alastair presently. Be mindful that the RSD commission/bonus is paid out in the May payroll." Compl. ¶¶ 17 & 19. Thereafter, Plaintiff received a $16,000 bonus for the quarter at issue. Compl. ¶ 20.

---

[2] The Declaration of William Kennedy, executed on December 17, 2018, is filed and submitted herewith. The Declaration ("Kennedy Decl.") includes, as Exhibit 1, a copy of the "Statement of Particulars of Employment," upon which Plaintiff relies, and which this court may consider in addressing Defendant's motion to dismiss. "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider … documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable, L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); *see, e.g., Rapoport v. Asia Electronics Holding Co., Inc.*, 88 F.Supp.2d 179, 183–84 (S.D.N.Y. 2000) (court was "puzzle[d] and concern[ed]" by Plaintiff's failure to attach documents on which the claims were exclusively based). Although the employment agreement is not attached to the Amended Complaint, the agreement is expressly referenced throughout, and therefore the Court may consider it in ruling on this motion.

B.     **The Contractual Notice Period**

Paragraph ¶ 11.2 of the Agreement provided that Plaintiff would receive one month's notice of employment termination, if his employment were terminated during the first six months of employment:

> The length of notice to be given by either party is three (3) months. However, <u>during the first six (6) months of employment, the length of notice to be given by either party is one (1) month.</u>

Kennedy Decl., Ex. 1, at ¶ 11.2 (emphasis added). Plaintiff admits that his employment commenced on December 4, 2017. Compl. ¶ 5. Plaintiff also admits that "he was notified on Sunday, June 3, 2018 . . . that his employment was being terminated." Compl. ¶ 9. Therefore, Plaintiff's employment was terminated "during the first six (6) months of employment." Plaintiff also received a commission payment of $10,000 for performance during the quarter in which he was terminated. Compl. ¶ 22.

IV.  **PLAINTIFF'S CLAIMS**

A.     **Plaintiff's Breach of Contract Claim.**

Plaintiff alleges he was entitled to *pro rata* shares of his annual on-target bonus of $300,000 if he were to meet the sales target for one quarter, Compl. ¶ 20, and for a partial *pro rata* share if he were on pace to meet a quarterly sales target, Compl. ¶ 28.

Additionally, Plaintiff alleges that ¶ 11.2 of the Agreement required Defendant to provide him with either three months' notice or three months' pay. Compl. ¶ 28. Despite the language that a one-month notice provision applies "during the first six (6) months of employment," Plaintiff argues that the Court should measure the length of his employment in weeks.

B.     **Plaintiff's Quasi-Contract Claims.**

Plaintiff also brings two quasi-contract claims—unjust enrichment and *quantum meruit*—to support his request for a *pro rata* share of the alleged quarterly bonus he claims to have been

-3-

entitled to when he was terminated. In essence, Plaintiff seeks a *pro rata* share of a *pro rata* share of his annual bonus.

## V.     LEGAL ARGUMENT

### A.     The claim for breach of contract should be dismissed.

Plaintiff cannot overcome this Motion to Dismiss by avoiding, misquoting, and mischaracterizing the contract language. Though a court typically must accept as true the allegations contained in a complaint, when a complaint references a document, and "a plaintiff's allegations are contradicted by such a document, those allegations are insufficient to defeat a motion to dismiss." *Matusovsky v. Merrill Lynch*, 186 F.Supp.2d 397, 400 (S.D.N.Y. 2002); *see also Johns v. Town of East Hampton*, 942 F.Supp. 99, 104 (E.D.N.Y. 1996) ("It is well established that when a plaintiff fails to introduce a pertinent document as part of his pleading, a defendant may introduce that exhibit as part of his motion attacking the pleading" (internal quotations omitted)). Under New York law, the interpretation of an unambiguous contract is a question of law for the Court and may be decided on a motion to dismiss.[3] *See First Lincoln Holdings, Inc. v. Equitable Life Assurance Society*, 164 F.Supp.2d 383, 393 (S.D.N.Y. 2001). Plaintiff alleges he was entitled to a quarterly bonus and three months' pay after termination, but the plain, unambiguous language of the Agreement contradicts Plaintiff's allegations.

---

[3] When a federal court's jurisdiction is based on diversity, the court applies the choice-of-law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under New York law, courts will apply the contractual choice-of-law clause as long as the state has sufficient contacts with the transaction. *McPhee v. Gen Elec. Intern., Inc.*, 736 F.Supp.2d 676, 680 (S.D.N.Y. 2010). The Statement of Particulars of Employment contains a New York choice-of-law provision. *See* Kennedy Decl., Exhibit 1, at ¶ 21.1. As Defendant's corporate headquarters is in New York, Compl. ¶ 2, New York has a definitive relationship to this dispute.

### i.   Plaintiff cannot assert a contractual claim to a discretionary bonus.

The Agreement did not "entitle" Plaintiff to any bonus. To the contrary, the Agreement vested in the company the discretion to determine the basis on which the bonus was calculated. Accordingly, this Court should dismiss Plaintiff's breach of contract claim.

"[U]nder New York Law, an employee cannot recover for an employer's failure to pay a bonus under a compensation plan that provides the employer with absolute discretion over bonus determinations." *Cohen v. Avanade, Inc.*, 874 F.Supp.2d 315, 324 (S.D.N.Y. 2012). As a result, "where the employer retains discretion to award a bonus (or other compensation), no forfeiture of earned wages occurs if the bonus is not paid." *Vetromile v. JPI Partners, LLC*, 706 F.Supp.2d 442, 448 (S.D.N.Y. 2010). "[P]rovisions stating that … distribution of bonuses will be determined by the [employer] do vest sufficient discretion." *Apple Mortgage Corp. v. Barenblatt*, 162 F.Supp.3d 270, 291 (S.D.N.Y. 2016) (quotations omitted).

In *Vetromile*, the Plaintiff, whose employment was terminated by Defendant, claimed he was entitled to a $100,000 employment bonus based on the following provision in the employment contract: "For the first three years of employment a minimum of $100,000.00 bonus will be paid as approved by the [Defendant] and the Plaintiff must be employed by the [Defendant]." 706 F.Supp.2d at 449. The Court, however, ruled that the bonus was "discretionary," and thus the Plaintiff's entitlement to a bonus turned on whether Plaintiff was "employed by the [Defendant]" as required by that provision. *Id.*

In this case, the contractual discretion is even clearer than in *Vetromile*. Paragraph 3.2 of the Agreement states that the "basis on which [Plaintiff's] bonus is calculated **may vary** at the **discretion** of the company and in accordance with the goals and objections issued to [him] by the Company from time to time." Kennedy Decl., Ex. 1, at ¶ 3.2 (emphasis added). Because the

unambiguous language vests Defendant with absolute discretion regarding Plaintiff's bonuses, the breach of contract claim must be dismissed.

### ii. The discretionary bonus was annual, not quarterly.

The Agreement provides that Plaintiff's "annual on target bonus will be set at US $300,000 providing On-Target Earnings (OTE) of US $600,000 per annum." Kennedy Decl., Ex. 1, at ¶ 3.2. Nothing in this language supports Plaintiff's argument that he is entitled to quarterly bonuses. Therefore, his breach of contract claim must be dismissed.

### iii. The emails on which Plaintiff relies do not modify the unambiguous contract language.

The alleged emails that Plaintiff quotes, *see* Compl. ¶¶ 17 & 19, do not alter this conclusion. As a threshold matter, they are inadmissible extrinsic evidence of a contract that unambiguously provides for annual bonuses at the discretion of Lombard. *See Namad v. Salomon, Inc.*, 74 N.Y.2d 751, 753, 545 N.Y.S.2d 79, 80–81 (1989) (holding that extrinsic evidence was properly rejected "[b]ecause the bonus clause is reasonably susceptible of only one interpretation, which may be gleaned from the face of the contract"). Nor can this Court consider whether these emails formed a separate contract because Plaintiff alleges only that Defendant "breached ¶¶'s 3.2 and 11.2 of the Statement of Particulars of Employment." Compl. ¶ 33. He has not alleged that the emails created a separate agreement.

Even if the emails are considered, however, they only further support the conclusion that Plaintiff was not legally entitled to a $75,000 bonus. Alastair Brown allegedly told Plaintiff that Brown was "going to find 25% of [Plaintiff's] expected annual OTE ($75k)," and Brown said he would "dress part of that up as a retention incentive for Vermeg's sake." Compl. ¶ 17. If Plaintiff were automatically entitled to a set quarterly bonus upon reaching a sales goal, the company CEO would not need to "find" this bonus, or "dress it up" to others. And the alleged $75,000

bonus, were it automatic, would certainly not be "under discussion"—as noted by Nigel Rohan—after the quarter in which Plaintiff alleges he earned it. These emails, therefore, confirm the terms of the Agreement—which are explicit and need no confirmation— providing that Plaintiff's annual bonus was to be paid at Defendant's discretion. Following internal discussions, Defendant exercised its discretion and compensated Plaintiff $16,000. Thus, Plaintiff is not entitled to the $59,000 balance he alleges vested upon his reaching the sales goal.

### iv. Plaintiff was not entitled to three months' pay after termination.

Plaintiff's employment was terminated on June 3, 2018, which is one day shy of six months from his start date of December 4, 2017. Because Plaintiff was employed for less than six months, he was entitled to one month's notice (or pay in lieu of notice) of his employment termination. As noted above, a court must give effect to the terms of a contract when they are unambiguous. *First Lincoln Holdings, Inc.*, 164 F.Supp.2d at 393. Ambiguity only exists "when the language is susceptible of at least two fairly *reasonable* interpretations." *Victory Container Corp. v. Sphere Ins. Co.*, 448 F.Supp. 1043, 1045 (S.D.N.Y. 1978) (emphasis added) (quotations omitted). Thus, "mere assertion by one that contract language means something to him, where it is otherwise clear, unequivocal, and understandable when read in connection with the whole contract, is not in and of itself enough to raise a triable issue of fact." *Id.* "Nor does ambiguity exist where one party's view strain[s] the contract language beyond its reasonable and ordinary meaning." *MBIA Ins. Corp. v. Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A.*, No. 09 Civ. 10093(RJS), 2011 WL 1197634, *6 (S.D.N.Y. Mar. 25, 2011) (quoting *Seiden Assocs., Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992)).

Plaintiff was employed by Defendant from December 4, 2017, to June 3, 2018, which means he was entitled only to one month's notice or one month's pay because he was terminated "during the first six (6) months of employment." Kennedy Decl., Ex. 1, at ¶ 11.2.

Despite this unambiguous language, Plaintiff alleges that the Agreement did not "define how the six month period would be calculated" and urges that "six (6) months" either means "26 weeks" or, in the alternative, "whole or parts" of six months.[4] Compl. ¶ 25.

Contrary to Plaintiff's argument, months themselves are a unit of measurement. The parties clearly intended "six months" to be measured in months—not weeks, days, or hours. Indeed, Plaintiff finds no lack of clarity in the provision regarding the payment due in lieu of notice. In Paragraph 29, Plaintiff alleges that he "was only paid one month's pay in lieu of notice, **i.e, $25,000**, instead of $75,000." Compl. ¶ 29 (emphasis added). Of course, $25,000 is his annual salary divided by 12 months, and $75,000 represents three months' pay.

Since Plaintiff was still in the first six months of employment, he was entitled to and received payment in lieu of one month of notice.

**B.     The claims for unjust enrichment and *quantum meruit* should be dismissed.**

Plaintiff's quasi contract claims fail as a matter of law for two reasons. First, an express contract governs this dispute, meaning these claims are inapplicable. Second, Plaintiff does not allege that he was not compensated *at all*, and quasi-contract claims do not allow for recovery of a discretionary bonus.

As to the first point, "the existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi-contract on theories of quantum meruit and unjust enrichment for events arising out of the same subject matter." *Yenrab, Inc. v. 794 Linden Realty, LLC*, 68 A.D.3d 755, 758, 892 N.Y.S.2d 105, 110 (2d Dep't 2009) (quoting *Marc Contracting, Inc. v. 39 Winfield Associates, LLC*, 63 A.D.3d 693, 695, 880 N.Y.S.2d 346,

---

[4] Plaintiff's allegation that the parties intended "six months" to be mean "26 weeks" would mean that each month would equate to 4.333 (repeating) weeks. In addition to being an absurd result, Plaintiff does not allege that his pay in lieu of notice was 4.333 weeks, but he should have been paid for 13 weeks. Instead, he requests "three (3) months' pay." (Compl. ¶ 29).


348 (2d Dep't 2009)); *see also Vetromile*, 706 F.Supp. at 457. Only "[w]here … there is a bona fide dispute as to the existence of a contract, or where the contract does not cover the dispute in issue, [may] a plaintiff … proceed upon a theory of quasi contract as well as contract." *Zuccarini v. Ziff-Davis Media, Inc.*, 306 A.D.2d 404, 405, 762 N.Y.S.2d 621, 622 (2d Dep't 2003).

Plaintiff's claims for unjust enrichment and *quantum meruit* relate exclusively to the bonus provision of the Agreement—whose existence is not disputed—as he argues that he was entitled to a *pro rata* bonus for the quarter in which he was terminated. Count Two for Unjust Enrichment even alleges that Plaintiff "expect[ed] that he would be compensated *as contemplated in the employment agreement.*" Compl. ¶ 35 (emphasis added). Although, as established above, the bonus provision does not support Plaintiff's breach-of-contract arguments, he cannot turn a losing contractual argument into a quasi-contractual argument by arguing the Agreement does not cover his claim. *See Hall v. United Parcel Service of America, Inc.*, 76 N.Y.2d 27, 36, 556 N.Y.S.2d 21, 27 (1990) ("An employee's entitlement to a bonus is governed by the terms of the employer's bonus plan."). As a result, the Agreement bars Plaintiff's quasi-contract claims as a matter of law.

Plaintiff's quasi-contract claims must be dismissed for another reason: he fails to allege he was not compensated for his performance. This Court has repeatedly held that where an employer pays an employee a salary for performance within the scope of his employment, withholding a discretionary bonus is not grounds for a quasi-contract claim. *See, e.g., Levion v. Societe Generale*, 822 F.Supp.2d 390, 405 (S.D.N.Y. 2011); *Karmilowicz v. Hartford Financial Services Group*, No. 11 Civ. 539(CM)(DCF), 2011 WL 2936013, *12 (S.D.N.Y. July 14, 2011); *Hughes v. Standard Chartered Bank, PLC*, No. 09 Civ. 4595(PKC), 2010 WL 1644949, *8 (S.D.N.Y. April 4, 2010). Plaintiff does not allege he was not paid the agreed-upon salary for his

performance—to the contrary, he admits he was paid a commission for the quarter in which he was terminated. Compl. ¶ 22. Accordingly, his quasi-contract claims fail.

## VI. LEAVE TO FILE A FURTHER AMENDED COMPLAINT SHOULD BE DENIED

As noted above, the Court gave notice to Plaintiff that it would be unlikely to grant permission to further amend the complaint. In ruling on a motion to dismiss, the Court may decide to deny leave to amend a complaint for failure to cure deficiencies by an amendment previously allowed. *Luv N' Care, Ltd v Goldberg Cohen, LLP*, 703 Fed. Appx. 26 (2d Cir. 2017); *S & R Dev. Estates, LLC v Town of Greenburgh, New York*, No. 16-CV-8043 (CS), 2018 WL 4119188, *9 (S.D.N.Y. Aug. 29, 2018); *Tears v Boston Sci. Corp.*, 2018 WL 4760659, *10 (S.D.N.Y. 2018). Despite the Court's warning, the Amended Complaint substantially mimics his original Complaint, and thereby fails to address the challenges set forth in the original motion to dismiss. Therefore, any further request to amend the Complaint should be denied.

Moreover, although the failure to fix deficiencies in a complaint "is alone sufficient ground to deny leave to amend," *Marshall v. Hyundai Motor America*, 51 F.Supp.3d 451, 473 (S.D.N.Y. 2014), "[w]hen leave to amend would be futile, that is [also] a sufficient reason to deny the plaintiff leave to amend," *Graham v. Select Portfolio Servicing, Inc.*, 156 F.Supp.3d 491, 516 (S.D.N.Y. 2016); *see, e.g.*, *Panetta v. Sap America, Inc.*, No. 05-4511, 2006 WL 2711747, *4 (E.D.Pa. Sept. 20, 2006) (denying leave to add quasi-contract claims on grounds of futility, as such claims were barred by existence of employment agreement that defined terms of compensation).

Here, the Court has provided Plaintiff with the opportunity to amend once, but he has nevertheless failed to plead viable claims, instead filing an Amended Complaint with no material changes to the contract and quasi-contract causes of action. The substantive similarity between the legal bases for these pleadings indicates that no number of amendments would allow

Plaintiff's meritless claims to survive a motion to dismiss. Indeed, plaintiff cannot evade the unambiguous terms of the employment agreement, and his quasi-contract claims are barred by the agreement, no matter how he frames the supporting allegations. Thus, this Court should deny leave to file any further amended complaints.

## VII.   CONCLUSION

For the foregoing reasons, the claims for breach of contract, unjust enrichment, and *quantum meruit* should be dismissed because they fail to state a claim upon which relief may be granted, and leave to replead should be denied.

Respectfully submitted,

Dated:  December 17, 2018

/s/ *William K. Kennedy*
William K. Kennedy
Montgomery, McCracken,
Walker & Rhoads, LLP
437 Madison Avenue, Fl 29
New York, NY 10022

*Attorneys for Defendant Lombard Risk Systems, Inc., A Vermeg Ltd. Company*

## CERTIFICATE OF SERVICE

  I, William K. Kennedy, hereby certify that on the 17th day of December, 2018, a true and correct copy of the foregoing Notice of Motion to Dismiss First Amended Complaint and supporting Memorandum of Law, Declaration, and Exhibits, have been filed electronically and is available for viewing and downloading from the ECF system.  I further certify that I caused a true and correct copy of same to be served upon the following counsel via electronic filing:

> Jon W. Green, Esquire
> Laura M. LoGiudice, Esquire
> Green Savits, LLC
> 25B Vreeland Road, Suite 207
> Florham Park, NJ  07932

Date: <u>December 17, 2018</u>　　　　　　　　<u>/s/ *William K. Kennedy*　　　　　</u>
　　　　　　　　　　　　　　　　　　　　William K. Kennedy