UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS LONGHI,

    Plaintiff,

v.

LOMBARD RISK SYSTEMS, INC.,
A VERMEG LTD COMPANY

    Defendant.

CASE NO. 1:18-cv-08077

ECF CASE

Hon. Vernon S. Broderick


# REPLY MEMORANDUM IN SUPPORT OF
# MOTION TO DISMISS FIRST AMENDED COMPLAINT
# AND IN OPPOSITION TO PLAINTIFF'S CROSS MOTION
# TO FILE SECOND AMENDED COMPLAINT


William Kennedy [admitted *Pro Hac Vice*]
Montgomery, McCracken,
 Walker & Rhoads, LLP
437 Madison Avenue, 29th Floor
New York, New York  10022
Telephone:  (212) 867-9500
E-mail: wkennedy@mmwr.com

*Attorney for Defendant Lombard Risk
Systems, Inc., A Vermeg Ltd. Company*

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................1
II. ARGUMENT ........................................................................................................................1
    A. Plaintiff's breach of contract claim fails as a matter of law .....................................1
        1. The Agreement Confirmed Defendant's Discretion Regarding The Timing and Amount of Any Bonus ..............................................................1
        2. Emails Between Plaintiff and His Supervisor Did Not Modify the Agreement and Confirmed the Supervisor's Lack of Authority ..................2
        3. Plaintiff was not entitled to three-month's severance pay per the plain terms of the Agreement ......................................................................4
    B. Plaintiff's motion for leave to amend the Complaint a second time should be denied ....................................................................................................................5
III. CONCLUSION .....................................................................................................................7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alaska Electric Pension Fund v. Bank of America Corporation,*
   175 F.Supp.3d 44, 64 (S.D.N.Y. 2016)...........................................................................5

*Cohen v. Avanade, Inc.,*
   874 F.Supp.2d 315 (S.D.N.Y. 2012)................................................................................2

*IBEW Local Union No. 58 Pension Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC,*
   783 F.3d 383 (2d Cir. 2015)..............................................................................................5

*Margel v. E.G.L. Gem Lab Ltd.*, No. 04 Civ. 1514, 2010 WL 445192, *9
   (S.D.N.Y. Feb. 8, 2010)....................................................................................................6

*MBIA Ins. Corp. v. Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A.,*
   No. 09 Civ. 10093(RJS), 2011 WL 1197634 (S.D.N.Y. Mar. 25, 2011) .........................4

*Minskoff v. American Express Travel Related Services Co.,*
   98 F.3d 703 (2d Cir. 1996)................................................................................................3

*The Najjar Group, LLC v. West 56th Hotel, LLC,*
   No. 14-CV-7120, 2017 WL 819487 (S.D.N.Y. Mar. 1, 2017).........................................6

*Negrete v. Citibank, N.A.,*
   187 F.Supp.3d 454, 470 (S.D.N.Y. 2016) ........................................................................6

*Seiden Assocs., Inc. v. ANC Holdings, Inc.,*
   959 F.2d 425 (2d Cir. 1992)..............................................................................................4

*Vetromile v. JPI Partners, LLC,*
   706 F.Supp.2d 442, 448 (S.D.N.Y. 2010) ........................................................................2

*Wolff v. Rare Medium, Inc.,*
   171 F.Supp.2d 354 (S.D.N.Y. 2001).................................................................................6

**Other Authorities**

Fed. R. Civ. P. Rule 12(b)(6) ..................................................................................................5

## I. INTRODUCTION

Plaintiff has abandoned his unjust enrichment and *quantum meruit* claims, and his arguments in support of the breach of contract claim fail to address or correct the insufficiency of the allegations in the First Amended Complaint (the "Complaint"). Therefore, the entire Complaint should be dismissed with prejudice.

This Court should also deny Plaintiff leave to amend the Complaint further. This Court has already warned that it is unlikely to allow any further amendment, and the proposed addition of a claim for breach of the covenant of good faith and fair dealing – even if permitted – would be dismissed for the same reasons that require dismissal of the other claims.

## II. ARGUMENT

### A. Plaintiff's breach of contract claim fails as a matter of law.

Plaintiff's employment agreement vested discretion regarding the criteria for the "annual on target earnings" bonus and the amount of the bonus in Defendant, Lombard Risk. Neither the employment agreement nor any other document or action of Defendant automatically entitled Plaintiff to a quarterly bonus of $75,000. Additionally, because Plaintiff was terminated "during the first six months of employment," he was entitled to and received one month's pay in lieu of one month's notice of termination.

#### 1. The Agreement Confirmed Defendant's Discretion Regarding The Timing and Amount of Any Bonus.

The Agreement's bonus provision provides as follows:

> Please note that <u>the basis on which your bonus is calculated may vary at the discretion of the Company and in accordance with the goals and objectives issued to you by the Company from time to time</u>.

Def.'s Motion, Kennedy Decl., <u>Exhibit 1</u>, at ¶ 3.2 (emphasis added). This language confirms that Defendant retained discretion as to whether and when a bonus would be awarded, and if a bonus was awarded, discretion as to the amount of the bonus.

An employee "cannot recover for an employer's failure to pay a bonus under a compensation plan that provides the employer with absolute discretion over bonus determinations." *Cohen v. Avanade, Inc.*, 874 F.Supp.2d 315, 324 (S.D.N.Y. 2012); *see also Vetromile v. JPI Partners, LLC*, 706 F.Supp.2d 442, 448 (S.D.N.Y. 2010) (holding that the following bonus provision was discretionary: "[f]or the first three years of employment <u>a minimum of $100,000.00 bonus will be paid as approved by Defendant</u>" (emphasis added)).

Plaintiff argues that "[t]he only discretion that Defendant had was issuing the performance goals," *id.* at Pl.'s Memorandum, at 7-8. He argues that Defendant exercised all of its discretion through an undisclosed "email agreement" that set forth "specific monetary goals" and that Defendant's CEO "confirmed via email on March 9, 2018 that Plaintiff met his monetary objective and should be paid 25% of the annual OTE bonus." Pl. Mem. at 1.

Plaintiff's argument is directly contrary to this court's precedent, which recognizes an employer's ability to retain discretion regarding bonuses and that would recognize the language in the employment agreement as confirming Defendant's discretion.

Because the Agreement unambiguously provides that Defendant had absolute discretion over Plaintiff's bonus calculation, Plaintiff's contract claim for additional bonus payment should be dismissed.

### 2. Emails Between Plaintiff and His Supervisor Did Not Modify the Agreement and Confirmed the Supervisor's Lack of Authority.

Even if the clear reservation of discretion could have been overcome by a later agreement, Plaintiff's allegations fail to establish that Defendant relinquished its discretion or

modified the agreement. Plaintiff argues that Defendant exercised all of its discretion through an undisclosed "email agreement" that set forth "specific monetary goals" and that Defendant's CEO "confirmed via email on March 9, 2018 that Plaintiff met his monetary objective and should be paid 25% of the annual OTE bonus." Pl. Mem. at 1.

Contrary to Plaintiff's arguments, Brown's email did not confirm that Plaintiff had met any objectives - "You <u>are going to deliver</u> more than your scrubbed forecast." Plaintiff provides no confirmation that the "scrubbed forecast" was the sole bonus criteria or that he actually delivered more than the scrubbed forecast. Indeed, he alleges only that the prediction in the March 9 email confirms that the objective was met.

Furthermore, Plaintiff essentially ignores the portion of the same email, in which Brown confirms that he does not have authority to award Plaintiff the bonus – "I am probably going to dress part of that up as a retention incentive for Vermeg's sake." Compl., ¶ 17. If Brown had authority to issue the bonus criteria, confirm that Plaintiff had met the criteria, and set the bonus amount, he would not have to "dress up" the bonus as a retention incentive for the parent corporation's sake.

Moreover, Plaintiff's allegations and arguments fail to establish that Brown had either actual or apparent authority to circumvent the Agreement and legally bind the company to a bonus Brown thought was appropriate. Plaintiff suggests that Brown "at minimum had apparent authority to ... authorize payment of the bonus." Pl. Mem., at 12. The case Plaintiff relies on, however, defeats his argument: "Apparent authority, then, is normally <u>created through the words and conduct of the principal</u> as they are interpreted by a third party, <u>and cannot be established by the actions or representations of the agent</u>." *Id.* (quoting *Minskoff v. American Express Travel Related Services Co.*, 98 F.3d 703, 708 (2d Cir. 1996) (emphasis added)). The words and actions

of Brown, as the alleged agent of Defendant, cannot establish his apparent authority to act on behalf of Defendant.[1]

As a result, the emails do not alter the conclusion that Defendant did not breach the bonus provision of the Agreement.

### 3. Plaintiff was not entitled to three-month's severance pay per the plain terms of the Agreement.

Plaintiff fails in his creative efforts to make the term "months" ambiguous. Ambiguity does not exist "where one party's view strain[s] the contract language beyond its reasonable and ordinary meaning." *MBIA Ins. Corp. v. Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A.*, No. 09 Civ. 10093(RJS), 2011 WL 1197634, *6 (S.D.N.Y. Mar. 25, 2011) (quoting *Seiden Assocs., Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992)).

The Agreement provides that "[t]he length of notice to be given by either party is three (3) months. However, <u>during the first six months of employment, the length of notice to be given by either party is only one month</u>." Def.'s Motion, Kennedy Decl., <u>Exhibit 1</u>, at ¶ 11.2 (emphasis added). Plaintiff began his employment on December 4, 2017, and his employment was terminated on June 3, 2018, which was "during the first six months." Therefore, Plaintiff was properly provided with one month's pay in lieu of notice.

To manufacture ambiguity, Plaintiff urges that "[n]owhere in the Statement is 'month' defined as opposed to the Statement defining work week as 40 hours, Monday to Friday and the work day as 9 AM to 6 PM." Pl. Mem. at 6. Plaintiff argues that the "contractual provisions …

---

[1] For these reasons, Plaintiff's argument that the emails constituted a modification of the Agreement also fails. That is, Brown lack the actual or apparent authority to modify the Agreement. Defendant does not address the theory that the emails constituted a separate contract because Plaintiff alleges only that "Lombard breached ¶¶'s 3.2 and 11.2 of the [Agreement]." Compl. ¶ 33. And, Plaintiff admits these emails were "proof of performance … and not a separate contract." Pl.'s Memorandum, at 12.

eschew reliance on calendar days." *Id.* at 13. This Court should reject Plaintiff's attempt to redefine the term "month" and dismiss the claim for additional severance pay.

Contrary to Plaintiff's argument, the Agreement does not use a unique definition of the terms "day" or "week." It provides only that "[Plaintiff's] working week will formally be 40 hours, Monday to Friday …. The Company's normal business and working hours are 9:00 am to 6:00 pm." Def.'s Motion, Kennedy Decl., <u>Exhibit 1</u>, at ¶¶ 4.1–42 (emphasis added). These clauses do not supply definitions; they merely informed Plaintiff as to work expectations. Moreover, the agreement repeatedly uses the term "day" when referring to, for example, holidays, vacation, or other time off, without ever defining the word "day." Similarly, there is no evidence in the agreement that the parties intended the word "month" to mean anything other than a month. Because this term of the agreement is unambiguous, and Plaintiff was properly paid one month's severance, Plaintiff's claim that Defendant breached ¶ 11.2 of the Agreement should be dismissed.

B. **Plaintiff's motion for leave to amend the Complaint a second time should be denied.**

This Court has already determined it is unlikely to allow any further amendments to the Complaint. *See* Order, Docket entry # 8. In any event, Plaintiff's request to add a cause of action for Breach of the Covenant of Good Faith and Fair Dealing would be futile. "Proposed amendments are futile if they would fail to cure deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *IBEW Local Union No. 58 Pension Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (quotations omitted).

"[A]n implied-covenant claim is not a valid alternative theory of recovery when it is based on the exact same allegations as a breach-of-contract claim." *Alaska Electric Pension*

*Fund v. Bank of America Corporation*, 175 F.Supp.3d 44, 64 (S.D.N.Y. 2016). Accordingly, Courts in this district have routinely held that when a plaintiff seeks to add a claim for breach of the covenant of good faith and fair dealing that is duplicative of a breach of contract claim, such an amendment is futile. *See, e.g., Negrete v. Citibank, N.A.*, 187 F.Supp.3d 454, 470 (S.D.N.Y. 2016); *The Najjar Group, LLC v. West 56th Hotel, LLC*, No. 14-CV-7120, 2017 WL 819487, *6 (S.D.N.Y. Mar. 1, 2017); *Margel v. E.G.L. Gem Lab Ltd.*, No. 04 Civ. 1514, 2010 WL 445192, *9 (S.D.N.Y. Feb. 8, 2010).

Plaintiff's new allegation that Defendant did not issue sales goals to Plaintiff creates the illusion that his proposed implied-covenant claim is distinct from his breach of contract claim. In reality, however, both claims rely on the same misconception that if Plaintiff met a sales goal, he was automatically entitled to a quarterly bonus, regardless of the Defendant's discretion as clearly established in the Agreement. Not only does Plaintiff mischaracterize the bonus provision of the Agreement, but he also reads in terms that are not there. He believes when he was terminated during the first quarter of 2019, he was entitled to a *pro rata* share of the allegedly automatic quarterly bonus he would have received—that is, a *pro rata* share of a *pro rata* share of his annual bonus. *See* Decl. of Jon W. Green, <u>Exhibit 1</u>, at ¶ 21–22. This belief finds no support in the Agreement. Thus, Plaintiff would merely use this new cause of action to try to add contractual terms, just as he attempted to do with his unjust enrichment and *quantum meruit* claims. *See Wolff v. Rare Medium, Inc.*, 171 F.Supp.2d 354, 359 (S.D.N.Y. 2001) ("[T]he obligation of good faith cannot be used to create independent obligations beyond those agreed upon and stated in the express language of the contract.").

Because this Court has warned that it is unlikely to allow any further amendments, and because Plaintiff's proposed amendment would be futile, Plaintiff's Cross Motion to File and Serve a Second Amended Complaint should be denied.

### III. **CONCLUSION**

For the foregoing reasons, the claims for breach of contract, unjust enrichment, and *quantum meruit* should be dismissed because they fail to state a claim upon which relief may be granted, and leave to replead should be denied.

Respectfully submitted,

Dated: January 18, 2019

/s/ *William K. Kennedy*
William K. Kennedy
Montgomery, McCracken,
Walker & Rhoads, LLP
437 Madison Avenue, Fl 29
New York, NY 10022

*Attorneys for Defendant Lombard Risk Systems, Inc., A Vermeg Ltd. Company*